No. 102.—JOHN L. TIPPIT *v.* M. H. LIPPMINS.

The Supreme Court can only take jurisdiction of appeals from parish courts, in probate cases, when the amount involved is above five hundred dollars. Therefore, no appeal will lie to the Supreme Court from a judgment of the district court, rendered on appeal from the parish court.

APPEAL from the Eleventh District Court, of the parish of Claiborne. *Egan,* J. J. D. *Watkins,* for plaintiff and appellant. *Gray & Blackman,* for defendant and appellee.

LUDELING, C. J. This is an appeal from a judgment of the Eleventh District Court, affirming a judgment of a parish court.

We have not the power to revise the judgments of district courts, rendered on appeals from the parish courts. To do so, would be virtually to entertain an appeal from a judgment of the parish court; and the only cases in which this court can entertain appeals from the

parish courts are *probate cases, when the amount exceeds five hundred dollars, exclusive of interest;* and in such cases the appeal is directly from the parish to the Supreme Court. Articles 87 and 88 of the constitution.

If the parish courts entertain jurisdiction in cases in which the constitution denies them jurisdiction, their acts are nullities, and they may be corrected on appeal to the district courts, or by action of nullity.

It is therefore ordered that the appeal be dismissed, at the appellant's cost.

----

HOWE, J.    I concur in the decree in this case.

----

Mr. Justice WYLY, *dissenting.*    I think this court has appellate jurisdiction of all ordinary suits, where the amount in dispute exceeds five hundred dollars. Here, the note sued on was for $467, and over $200 interest, which had accrued before the institution of the suit in the parish court.    Constitution, 74; 22 An. 111; 22 An. 25.

On the merits, the question is, has the parish court jurisdiction where the amount in dispute exceeds $500, principal and interest, the principal being less than that sum. This depends upon the true meaning of the eighty-seventh article of the constitution, which fixes the jurisdiction of parish courts in these words: "They shall have exclusive original jurisdiction, in ordinary suits, in all cases when the *amount in dispute* exceeds one hundred dollars, and does not exceed five hundred dollars; subject to an appeal to the district court in all cases when the amount in contestation exceeds one hundred dollars, exclusive of interest."

A fair interpretation of the language employed in this article of the constitution leaves no doubt that the jurisdiction of parish courts, in ordinary suits, is limited to cases where the amount in dispute, principal and interest, does not exceed five hundred dollars. But, it may be urged that this article of the constitution should be construed with reference to article 85 and article 89, fixing the original jurisdiction of district courts and of justices of the peace, the jurisdiction of the latter being limited to $100, exclusive of interest, and the jurisdiction of the former to sums exceeding $500, exclusive of interest. That the framers of the constitution certainly intended that some court should have original jurisdiction of cases similar to the one in question; that, as the amount is too large for the jurisdiction of justices of the peace, and as the amount, exclusive of interest, is too small for the district courts, the parish courts must have original jurisdiction of the case.

It may also be urged that, under the familiar rules of construction enunciated in articles 14, 17, 18, C. C., the article of the constitution defining the jurisdiction of the parish courts, must be construed with reference to the other articles, fixing the jurisdiction of the other courts, and with reference to the supposed intention of its authors.

I feel constrained to take a different view of this law, however desirable it may be for cases thus situated to have the original jurisdiction of some court. The meaning of the article is obvious; its language, fixing the jurisdiction of the parish courts, is not dubious, and there is no room for construction. It is only where the meaning of the law is dubious that the rules of construction are resorted to. "When a law is clear, and free from all ambiguity, the letter of it is not to be disregarded, under pretext of pursuing its spirit." C. C. 13.

The jurisdiction of parish courts is fixed in precise terms in article 87 of the constitution, and it can not be enlarged or diminished by this court, whose duty it is to declare what the law is, not what it should be.

I therefore think this court has jurisdiction of the appeal, and, as the parish court was without jurisdiction, *ratione materiœ*, the judgment of that court should be declared a nullity.